IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN KEITH PARKS, Tarrant No. 0194661, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:21-cv-00111-O |
| RENE HINOJOSA, | § § § | |
| Defendant.[1] | § | |

## OPINION AND ORDER

Before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 12), filed April 1, 2021. No response was filed. Having considered the motion, pleadings, record, and applicable law, and for the reasons that follow, the Court **grants** the motion.

**I. BACKGROUND**

Plaintiff Bryan Keith Parks is an inmate confined at the Tarrant County Jail in Fort Worth, Texas. Proceeding *pro se* and *in forma pauperis*, and pursuant to 42 U.S.C. § 1983, Plaintiff sues Defendant Rene Hinojosa ("Hinojosa"), Director of the Texas Department of Criminal Justice-Parole Division ("TDCJ"), solely in his official capacity. Plaintiff seeks injunctive and declaratory relief for alleged violations of his Fifth and Fourteenth Amendment rights. *See* Compl., ECF No. 1. On February 26, 2021, Plaintiff filed his answers to the Court's questionnaire. *See* Pl.'s Ans. Questionnaire, ECF No. 9. Plaintiff challenges the constitutionality of his current incarceration on a parole revocation warrant (also known as a "blue warrant") issued by the TDCJ Parole

---

[1] Effective August 1, 2020, Rene Hinojosa replaced Pamela Thielke as the TDCJ Parole Division Director. In accordance with Federal Rule of Civil Procedure 25(d), Rene Hinojosa is automatically substituted in place of Pamela Thielke as Defendant.

1

Division following his arrest and charge with manufacture and delivery of a controlled substance. *See* Compl., ECF No. 1; Pl.'s Ans. Court Questionnaire, ECF No. 9.

On November 11, 1991, following his conviction for aggravated possession of amphetamine with intent to deliver, Plaintiff received a sentence which expires is 2026. Pl.'s Ans. Court Questionnaire, Ans. No. 6, ECF No. 9. Plaintiff was granted parole and released from state custody on August 19, 2014. *Id.* While on parole, Plaintiff was charged in Tarrant County, Texas, with a felony count of manufacture and delivery of a controlled substance. *Id.* at Ans. Nos. 2, 3. Because of this charge, the TDCJ Parole Division issued a blue warrant on July 31, 2020, pursuant to Tex. Gov't Code § 508.251, requiring Plaintiff's return to custody. *Id.* at Ans. No. 1. In issuing the blue warrant, the TDCJ Parole Division determined that Plaintiff was a threat to public safety, and thus did not meet the criteria under Tex. Gov't Code § 508.254(d) for release on bond pending his revocation hearing. *Id.* The blue warrant was executed on August 26, 2020, and Plaintiff has since been detained in Tarrant County Jail. *Id.* Plaintiff has not filed a state or federal habeas corpus petition challenging his pre-revocation detention. *Id.* at Ans. Nos. 7, 8. Instead, on February 1, 2021, he filed this civil rights suit under Section 1983 challenging the constitutionality of the Texas Government Code provisions permitting his confinement without bond. He asks the Court to issue a "temporary or permanent injunction against enforcement of Texas Government Code 508.251 and 508.254," enjoining the TDCJ Parole Division of its authority to issue no-bond blue warrants. Compl. 8, ECF No. 1.

On March 2, 2021, the Court ordered service of the pleadings and Plaintiff's Answers to the Court's Questionnaire on Defendant. On April 1, 2021, Defendant Hinojosa filed a Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with an accompanying Certificate of Service. Plaintiff did not file a response.

## II. LEGAL STANDARDS

### A. Fed. R. Civ. P. 12(b)(1)

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

The Court must dismiss a complaint for lack of subject matter jurisdiction "'when the court lacks the statutory or constitutional power to adjudicate the case.'" *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The United States Court of Appeals for the Fifth Circuit recognizes a distinction between a "facial" attack to subject matter jurisdiction, which is based solely on the pleadings, and a "factual" attack to jurisdiction, which is based on affidavits, testimony, and other evidentiary material. *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981); *accord Ramming*, 281 F.3d at 161. Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. Regardless of the nature of the attack, the plaintiff seeking a federal forum "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming*, 281 F.3d at 161. Where, as here, a defendant files a Rule 12(b)(1) motion to dismiss, the attack is presumptively facial, and the Court need look only to the sufficiency of the allegations of plaintiff's

complaint, or on the complaint as supplemented by undisputed facts, all of which are presumed to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1989); *Paterson*, 644 F.2d at 523.

B.  **Fed. R. Civ. P. 12(b)(6)**

Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 does not require detailed factual allegations, but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy Rule 8(a), the defendant may file a motion to dismiss the plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6).

To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion

to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

## III. ANALYSIS

In support of his motion to dismiss, Defendant Hinojosa contends that (i) Plaintiff's claims against him are barred by Eleventh Amendment immunity, thereby depriving the Court of subject matter jurisdiction; (ii) Plaintiff's claims fail on the merits because the Supreme Court has held that detention pursuant to a facially valid warrant is not a constitutional violation; and (iii) Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). The Court addresses Defendant Hinojosa's arguments in turn.

### A. Eleventh Amendment Immunity

Under the Eleventh Amendment, states may not be sued in federal court unless they unequivocally consent to suit or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate immunity. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). Eleventh Amendment sovereign immunity extends to state agencies and to state officials if the relief sought would operate against the state. *Id.* at 101. Plaintiff has sued Defendant Hinojosa in his official capacity. He is an employee of TDCJ, an agency of the state of Texas. *See* Tex. Gov't Code §§ 493.001-493.002. Absent an exception, therefore, he is entitled to Eleventh Amendment immunity from the claims asserted against him because "the state is the real, substantial party in interest." *Pennhurst*, 465 U.S. at 101; *see also Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n*, 662 F.3d 336, 340 n.3 (5th Cir. 2011) ("A suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.") (internal punctuation and citation omitted).

The Supreme Court in *Ex parte Young* set forth a narrow exception to Eleventh Amendment Immunity, allowing prospective injunctive or declaratory relief through official capacity actions. 209 U.S. 123, 159-60 (1908).[2] Injunctive relief, however, is "to be used sparingly, and only in a clear and plain case." *Rizzo v. Goode*, 423 U.S. 362, 378 (1976). When a government agency is involved, a court must additionally observe the requirement that the government be granted the "widest latitude in the dispatch of its own internal affairs." *Id.* at 378-79; *see also Lewis v. Casey*, 518 U.S. 343, 349 (1996) ("[I]t is not the role of courts, but that of the political branches, to shape the institutions of government in such fashion as to comply with the laws and the Constitution.").

As explained below, because Plaintiff fails to establish a legal basis for the injunctive and declaratory relief he seeks, his claims are outside of the *Ex parte Young* exception and will, therefore, be dismissed for lack of subject matter jurisdiction. *See Alaniz v. Lowe*, No. 7:18-cv-00141-M-BP, 2019 WL 2931938, at *8 (N.D. Tex. June 13, 2019), *report and recommendation adopted*, No. 7:18-cv-00141-M-BP, 2019 WL 2929593 (N.D. Tex. July 8, 2019) (holding that TDCJ Parole Division employees sued in their official capacities were protected by Eleventh Amendment immunity where plaintiff's claims for injunctive and declaratory relief were unsupported by law, warranting dismissal under Rule 12(b)(1)); *Smart v. Paxton*, No. 4:21-cv-433-P, April 16, 2021 Order of Dismissal 6-7, ECF No. 9 (holding that Attorney General of State of Texas sued in his official capacity was protected by Eleventh Amendment immunity where

---

[2] Other exceptions to Eleventh Amendment immunity are a state's waiver or consent, *Idaho v. Coeur d'Alene Tribe*, 521 U.S. 261, 267 (1997); and Congress's abrogation of the state's immunity through section 5 of the Fourteenth Amendment, *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001). The law is clear that Texas has not waived immunity or consented to suit under § 1983. *See, e.g.*, *Quern v. Jordan*, 440 U.S. 332, 338 n.7 (1979) ("§ 1983 does not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States...."); *Baldwin v. Univ. of Texas Med. Branch at Galveston*, 945 F. Supp. 1022, 1030 (S.D. Tex. 1996) ("Congress did not abrogate the states' Eleventh Amendment immunity by enacting 42 U.S.C. §§ 1981, 1983, and 1985."). Further, Plaintiff has not advanced any viable argument that Congress has abrogated the state of Texas's immunity.

plaintiff's claims for injunctive and declaratory relief were unsupported by law, warranting dismissal under Rule 12(b)(1)).

There are four prerequisites for injunctive relief. To prevail, Plaintiff must demonstrate: (i) a substantial likelihood of success on the merits; (ii) a substantial threat of immediate and irreparable harm for which it has no adequate remedy at law; (iii) that greater injury will result from denying the temporary restraining order than from its being granted; and (iv) that a temporary restraining order will not disserve the public interest. *Opulent Life Church v. City of Holly Springs*, 697 F.3d 279, 288 (5th Cir. 2012); *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted. *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.

Plaintiff asks the Court to issue a "temporary or permanent injunction against enforcement of Texas Government Code 508.251 and 508.254." Compl. 8, ECF No. 1. As summarized by Defendant Hinojosa, "Plaintiff seeks to nullify two state statutory provisions and strip the TDCJ Parole Division of its authority to issue no-bond blue warrants, the primary purpose of which is protect the public from parolees who continue to pose a threat to society." Def.'s Mot. 6, ECF No. 12. Defendant Hinojosa contends that "[t]his request is well beyond the scope of relief permitted by the PLRA." *Id.* The Court agrees. *See Brown v. Plata*, 563 U.S. 493, 531 (2011) ("The PLRA states that a remedy shall extend no further than necessary to remedy the violation of a 'particular plaintiff or plaintiffs.'") (quoting 18 U.S.C. § 3626(a)(1)(a)). Additionally, the Court agrees with Defendant Hinojosa that, even assuming arguendo that Plaintiff has stated a constitutional violation, he lacks standing to "restrain enforcement of Tex. Gov't Code 508.251 and 508.254" (*see* Compl. 6) in any case other than his own. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975)

(stating that even if Article III standing is met, a plaintiff cannot rest his claim to relief on the legal rights of third parties).

Moreover, Plaintiff's claims fail on the merits. The Supreme Court has held that detention pursuant to a facially valid warrant is not a constitutional violation. *Baker v. McCollan*, 443 U.S. 137, 143 (1979). Plaintiff does not allege or in any way show that the blue warrant in his case was not facially valid. *See Jones v. Cerliano*, No. 6:19-CV-264, 2020 WL 5809968, at *3 (E.D. Tex. June 22, 2020) ("Because the arrest warrants and the parole revocation warrant were facially valid, they preclude [plaintiff]'s [Section 1983] claim for false imprisonment."), *report and recommendation adopted*, 2020 WL 5802925 (E.D. Tex. Sept. 29, 2020). Even if the charges against Plaintiff are eventually dropped, that would not invalidate the lawfulness of his current incarceration. *See id.* ("The fact that the charges stemming from the May 2018 incident were later dropped does not show that Jones' . . . confinement was unlawful at any point, particularly in light of the parole revocation warrant which prevented his release on bond.").[3]

In short, under governing law, Plaintiff cannot establish any legal basis for the injunctive and declaratory relief he seeks. Accordingly, his request for injunctive and declaratory relief lies outside of the *Ex parte Young* exception to Eleventh Amendment Immunity. For this reason, the Court grants Defendant Hinojosa's Rule 12(b)(1) motion to dismiss and dismisses Plaintiff's claims for lack of subject matter jurisdiction.

---

[3] The Court also agrees with Defendant Hinojosa that, insofar as Plaintiff's complaint can be liberally construed as alleging that denial of release on bond pending his revocation hearing violated his equal protection rights, he fails to state a legally cognizable claim. *See Kirby v. Cockrell*, No. 4:01-cv-876-A, 2002 WL 1285489, at *3 (N.D. Tex. June 5, 2002) ("The different classification between bond for prisoners before conviction and bond for convicted felons who are arrested for supervision violations does not violate the Equal Protection Clause.") (citations omitted).

## B. *Heck v. Humphrey*

Defendant Hinojosa also argues that, to the extent Plaintiff is attacking the validity of his detention, he cannot prevail in this action and his claims must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court agrees.

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's incarceration, as in the case at hand, the complaint must be dismissed unless the plaintiff demonstrates that the decision resulting in his confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87. The rule in *Heck* applies to complaints about the fact or duration of parole. *See, e.g.*, *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158 (5th Cir. 1995) (inmate failed to state Section 1983 claim challenging parole board's policy of extending his sentence after revoking his mandatory supervision, where he remained in custody and was not alleging that sentence imposed as result of revocation proceedings was invalidated by state or federal court). *See also Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995).

Courts have specifically applied *Heck* in the context of blue warrant detention, holding that "[t]o the extent [a] plaintiff complains that he is being held on an invalid pre-revocation warrant, his claims are in the nature of habeas, not civil rights, and cannot be pursued within [a Section 1983] lawsuit." *Blanchard v. Jenkins*, No. H-13-0228, 2014 WL 243381, at *2 (S.D. Tex. Jan. 21, 2014). *See also Almendarez v. Huddleston*, No. 4:10-cv-333-Y, 2010 WL 3784200, at *1 (N.D. Tex. Sept. 28, 2010) ("Plaintiff's request to have this Court declare invalid the parole warrant, and the pre-conviction detention resulting therefrom unconstitutional, if successful, necessarily would imply the invalidity of his present sentence. Thus, such claims are not cognizable under § 1983

unless Plaintiff has satisfied the conditions set by *Heck*."), *aff'd*, 434 F. App'x 397 (5th Cir. 2011); *Davis v. Lynch*, 349 F. App'x 947, 948 (5th Cir. 2009) (per curiam) (claim that blue warrant unconstitutionally prevented defendant from posting bond on new criminal charge was barred by *Heck* where defendant failed to show his incarceration on the revocation warrant had been invalidated); *Bailey v. Fuentez*, No. 3:19-cv-2042-S, 2020 WL 6551270, at *2 (N.D. Tex. Mar. 23, 2020) (same), *report and recommendation adopted*, 2020 WL 6550500 (N.D. Tex. Nov. 5, 2020).

In *Ards v. Abbott*, plaintiff filed a Section 1983 complaint against the Texas Governor and various employees of the Texas Board of Pardons and Paroles after being denied release on bond because of a blue warrant. No. H-17-3287, 2017 WL 6761828, at *1-2 (S.D. Tex. Nov. 2, 2017). The district court dismissed the action sua sponte under 28 U.S.C. § 1915A(b) for failure to state a claim, determining that Ards' allegations were barred by Heck:

> It is evident from the pleadings that the challenged parole decision has not been set aside or invalidated. Absent a showing that the disputed parole decision has been invalidated or set aside, Ards' claim for money damages is precluded by the rule in *Heck*. Any claim for declaratory or injunctive relief is likewise precluded. As a result, the Complaint must be dismissed with prejudice for failure to state a claim upon which relief can be granted under § 1983.

2017 WL 6761828, at *1-2 (S.D. Tex. Nov. 2, 2017). Ards then sought leave to appeal in forma pauperis, which the Fifth Circuit denied, finding that his argument for relief was frivolous. 732 F. App'x 352 (5th Cir. 2018). Defendant Hinojosa argues that the same finding must be made here. The Court agrees and concludes that, for the reasons stated in *Ards*, Plaintiff's challenge is *Heck*-barred.

Finally, the Court notes that Plaintiff's description of his current confinement as "pre-trial detention" amounting to "punishment before conviction" is inaccurate. *See* Compl. 4, ECF No. 1. Plaintiff's felony conviction in 1999 carried a sentence of confinement until 2026. As Defendant

Hinojosa notes in his motion to dismiss, "that he was released on parole before then simply means that he had been granted conditional permission to serve the remainder of his sentence outside of prison. When he was arrested on a new felony charge, that conditional permission was rescinded by statute and he was placed back in custody to continue serving his original sentence." Def.'s Mot. Dismiss 9, ECF No. 12. Whether Plaintiff remains in custody following his revocation hearing, his challenge to the no-bond blue warrant goes directly to the "fact or duration" of his confinement. If successful, his request for declaratory and injunctive relief—asking the Court to declare the blue warrant and the pre-hearing detention resulting therefrom unconstitutional—would necessarily imply the invalidity of his present confinement. Thus, his Section 1983 claims are not cognizable under *Heck* and must be dismissed.[4]

IV. **CONCLUSION**

After considering the pleadings and applicable law, and for the reasons set forth above, the Court **GRANTS** Defendant's Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) (ECF No. 12). It is **ORDERED** that Plaintiff's Complaint (ECF No. 1), as supplemented by his Answers to the Court's Questionnaire (ECF No. 9), is **DISMISSED WITHOUT PREJUDICE** as against Defendant Hinojosa in his official capacity for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). To the extent Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), those claims are **DISMISSED WITH PREJUDICE** under Federal Rule of Civil Procedure 12(b)(6), but Plaintiff is permitted to reassert those claims if and when the conditions under *Heck* are met.[5]

---

[4] The Court also agrees with Defendant Hinojosa that, even if construed as a federal habeas petition, Plaintiff's claims must be dismissed. A detainee such as Plaintiff who thinks he should not be detained can seek release or otherwise challenge the conditions of his confinement by seeking a state writ of habeas corpus against his custodian. Nothing prevented Plaintiff from seeking to challenge his detention or any allegedly impermissible delay in his revocation hearing by that route.

[5] Where a § 1983 plaintiff's claims attack the fact or duration of his confinement and such claims are

In accordance with Federal Rule of Civil Procedure 58(a), a final judgment shall issue separately.

**SO ORDERED** this **30th day** of **April, 2021.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**

---

dismissed under *Heck v. Humphrey*, the dismissal should be "with prejudice." *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994); *Stephenson v. Reno*, 28 F.3d 26, 27-28 (5th Cir. 1994).