IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BRYAN KEITH PARKS, <br> (Tarrant No. 0194661) <br><br> **Plaintiff,** <br><br> v. <br><br> RENE HINOJOSA, <br><br> **Defendant.**[1] | § § § § § § § § § § § | Civil Action No. 4:21-cv-00111-O |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Reconsideration (ECF No. 18), filed May 19, 2021, and Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Reconsideration (ECF No. 20), filed June 10, 2021. Having considered the motion, response, record, and applicable law, and for the reasons that follow, the Court denies Plaintiff's Motion for Reconsideration (ECF No. 18).

**I.     BACKGROUND**

Plaintiff Bryan Keith Parks is an inmate confined at the Tarrant County Jail in Fort Worth, Texas. Proceeding *pro se* and *in forma pauperis*, and pursuant to 42 U.S.C. § 1983, Plaintiff sued Defendant Rene Hinojosa ("Hinojosa"), Director of the Texas Department of Criminal Justice-Parole Division ("TDCJ"), solely in his official capacity. Plaintiff sought injunctive and declaratory relief for alleged violations of his Fifth and Fourteenth Amendment rights. *See* Compl., ECF No. 1. On February 26, 2021, Plaintiff filed his answers to the Court's questionnaire. *See* Pl.'s Ans. Questionnaire, ECF No. 9.

---

[1] Effective August 1, 2020, Rene Hinojosa replaced Pamela Thielke as the TDCJ Parole Division Director. In accordance with Federal Rule of Civil Procedure 25(d), Rene Hinojosa is automatically substituted in place of Pamela Thielke as Defendant.

Plaintiff challenged the constitutionality of the Texas Government Code provisions permitting his confinement without bond on a parole revocation warrant (also known as a "blue warrant") issued by the TDCJ Parole Division following his arrest and charge with manufacture and delivery of a controlled substance. *See* Compl., ECF No. 1; Pl.'s Ans., ECF No. 9.

On November 11, 1991, following his conviction for aggravated possession of amphetamine with intent to deliver, Plaintiff received a sentence which expires is 2026. Pl.'s Ans., Ans. No. 6, ECF No. 9. Plaintiff was granted parole and released from state custody on August 19, 2014. *Id.* While on parole, Plaintiff was charged in Tarrant County, Texas, with a felony count of manufacture and delivery of a controlled substance. *Id.* at Ans. Nos. 2, 3. Because of this charge, the TDCJ Parole Division issued a blue warrant on July 31, 2020, pursuant to Tex. Gov't Code § 508.251, requiring Plaintiff's return to custody. *Id.* at Ans. No. 1. In issuing the blue warrant, the TDCJ Parole Division determined that Plaintiff was a threat to public safety, and thus did not meet the criteria under Tex. Gov't Code § 508.254(d) for release on bond pending his revocation hearing. *Id.* The blue warrant was executed on August 26, 2020, and Plaintiff has since been detained in Tarrant County Jail. *Id.* Plaintiff has not filed a state or federal habeas corpus petition challenging his pre-revocation detention. *Id.* at Ans. Nos. 7, 8. Instead, on February 1, 2021, he filed this civil rights suit under Section 1983 challenging the constitutionality of the Texas Government Code provisions permitting his confinement without bond. He asked the Court to issue a "temporary or permanent injunction against enforcement of Texas Government Code 508.251 and 508.254," enjoining the TDCJ Parole Division of its authority to issue no-bond blue warrants. Compl. 8, ECF No. 1.

On March 2, 2021, the Court ordered service of the pleadings and Plaintiff's Answers to the Court's Questionnaire on Defendant. On April 1, 2021, Defendant Hinojosa filed a Motion to

Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) with an accompanying Certificate of Service. Plaintiff did not file a response.

On April 30, 2021, the Court granted Defendant's motion to dismiss, concluding that Defendant's sovereign immunity deprived the Court of subject-matter jurisdiction, and that Plaintiff's claims were in the nature of habeas and, thus, barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Order, ECF No. 15; J., ECF No. 16.

In his Motion for Reconsideration, Plaintiff now asks the Court to reconsider its April 30, 2021 Order pursuant to Federal Rule of Civil Procedure 59(e). He contends that the Order constituted a manifest error of law. *See generally* Pl.'s Mot., ECF. No 18. For the reasons that follow, the Court will deny his motion.

## II.    LEGAL STANDARD

"The Federal Rules do not recognize a 'motion for reconsideration' in haec verba." *Ford v. Elsbury*, 32 F.3d 931, 937 n.7 (5th Cir. 1994). The Fifth Circuit has consistently stated, however, "that a motion so denominated, provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment under Rule 60(b).'" *Id.* (citation omitted). Rule 59(e) applies to motions filed within twenty-eight days of the ruling sought to be modified, whereas Rule 60(b) applies to later-filed motions. *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). Plaintiff filed his motion within twenty-eight days of the Court's judgment and, therefore, seek relief under Rule 59(e).

A motion to alter or amend the judgment under Rule 59(e) "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (citation omitted). Such a motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity*

*Nat'l Ins. Co.*, 542 F.3d 1053, 1058 (5th Cir. 2008) (citation omitted). It may not be used to relitigate issues that were resolved to the movant's dissatisfaction. *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989). A Rule 59(e) motion may not raise arguments or present evidence that could have been raised prior to entry of judgment. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (citation omitted). When considering a Rule 59(e) motion to reconsider, a court may not grant such a motion unless the movant establishes: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the alleged facts are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *Infusion Res., Inc. v. Minimed, Inc.*, 351 F.3d 688, 696-97 (5th Cir. 2003). "Relief under Rule 59(e) is also appropriate when there has been an intervening change in the controlling law." *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995). In exercising this discretion, a district court must "strike the proper balance between the need for finality and the need to render just decisions on the basis of all the facts." *Id.* With this balance in mind, the Fifth Circuit has observed that Rule 59(e) "favor[s] the denial of motions to alter or amend a judgment." *Southern Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). Stated another way, "[r]econsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

## III. ANALYSIS

In support of his Motion for Reconsideration, Plaintiff contends that the Order dismissing this case constituted a manifest error of law. *See generally* Pl.'s Mot., ECF. No 18. Plaintiff fails to provide the Court with an explanation for his lack of response to Defendant's motion to dismiss.

4

In opposition, Defendant contends (i) Plaintiff waived his arguments for reconsideration by failing to oppose Defendant's motion to dismiss; and (ii) in the alternative, even were the Court to consider Plaintiff's newly raised arguments, the Court's dismissal Order should be upheld because it correctly applied the law. *See* Def.'s Opp. Pl.'s Mot., ECF No. 20.

**A. Waiver**

Defendant contends the Court should deny Plaintiff's motion as he waived his arguments for reconsideration by failing to oppose Defendant's motion to dismiss. The Court agrees.

After Defendant filed and served his Rule 12(b) motion to dismiss, Plaintiff was given twenty-one days to submit any arguments he wished in opposition. *See* N.D. Tex. Local Rule 7.1(e). Plaintiff did not to file any response by the deadline, and the Court afforded him an extra ten days to file a response. On April 30, 2021, having not received any response, the Court issued its decision in which it granted Defendant's motion to dismiss.

In his motion, Plaintiff does not seek to amend or alter the judgment based on an intervening change in controlling law or the availability of new evidence not previously available. Rather, he simply argues that the legal grounds for dismissal offered by Defendant were incorrectly applied, thereby constituting a manifest error of law. *See generally* Pl.'s Mot., ECF No. 18.

Rule 59(e) "cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (quotations omitted); *see also LeClerc v. Webb*, 419 F.3d 405, 412 n.13 (5th Cir. 2005) ("A motion for reconsideration may not be used to . . . introduce new arguments."). By failing to respond to Defendant's motion to dismiss, Plaintiff waived his right to seek to raise these arguments now by way of Rule 59(e). *See, e.g.*, *Howley v. Bankers Standard Ins. Co.*, No. 3:19-cv-2477-L, 2021 WL 913290, at *7-8 (N.D. Tex. Mar. 10, 2021) (Lindsay, J.) ("[B]ecause [plaintiff] did not address the arguments in Defendant's Motion to Dismiss . . ., he effectively abandoned these claims . . . .

[Plaintiff]'s effort to raise arguments in his Rule 59(e) motion that were not previously asserted in response to Defendant's dispositive motion does not cure his prior waiver or abandonment of claims.") (citations omitted).

In short, the Court will deny Plaintiff's Motion for Reconsideration because he waived his arguments for reconsideration by failing to oppose Defendant's motion to dismiss.

### B. No Error of Law

Alternatively, the Court agrees with Defendant that, even were it to exercise its discretion to entertain Plaintiff's newly raised arguments, his motion should still be denied because the Court, in dismissing his claims, correctly applied the law.

In its decision dismissing Plaintiff's claims, the Court held that Plaintiff's claims did not fall within the narrow *Ex Parte Young* exception to sovereign immunity, thus depriving the Court of subject-matter jurisdiction. Second, the Court held that Plaintiff's claims sought habeas-type relief not available in federal court under the *Heck* doctrine. Plaintiff does not cite to any authority in his Rule 59(e) motion which would call into question either of these holdings.

Accordingly, in the alternative, the Court denies Plaintiff's Motion for Reconsideration on this basis.

### IV. CONCLUSION

Based on the foregoing, the Court **denies** Plaintiff's Motion for Reconsideration.

**SO ORDERED** this **2nd day** of **July, 2021.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE